UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DIABATE C. AMADOU, | ) Civil Action No.: 4:10-cv-2602-TLW-TER |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CIRCLE PARK, CHARTER BEHAVIORAL HEALTH, and JOSEPH ADEDOKUN; | ) |
| Defendants. | ) |

## I.  INTRODUCTION

Plaintiff brings this action pro se. Presently before the Court is Defendant Florence County Commission on Alcohol and Drug Abuse d/b/a Circle Park Behavioral Health Services' (identified as "Circle Park" in the Complaint) (hereinafter, "Circle Park") Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 30). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff timely filed a Response (Document # 34).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the present motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II.  FACTUAL ALLEGATIONS

In his Complaint, Plaintiff alleges that "J.B. Hunt Transport, Inc., a trucking business at

Lowell, Arkansas...hired me for a second time" then "took a truck from me despite we having a contract." Then, J.B. Hunt "present to Judge Frank Donovan Court house in Minneapolis (MN) letting the judge believing about the reason they fired me, because of my use of DRUG." Further "[t]heir lawyer, bring a document in court fabricated by a NIGERIAN working for these 02 businesses." Plaintiff goes on to allege "[d]espite telling to the judge about the documents been fakes the judge dismissed my case." Further, "J.B. HUNT used her lawyer in ATLANTA (GA) to fabricate that false document" and anytime Plaintiff "applies for work on any Trucking Business who make a phone call for reference, J.B. Hunt start his smear and diffamation (sic) about me only because they had a finance power to fabricate evidence to bring to court." The Complaint goes on to allege "those 2 business and their Employees JOSEPH ADEDOKUN for only monetary gains, killed my dreams and makes me doubt about the all power of attorney who can fabricated DOCUMENTS and present them in USA Court. I'm sure HAWKINS & PARNELL, LLP at Atlanta (GA) are not in there first attempt to ruin somebody life" and "the two business and their employees Joseph they got paid for their actions." Plaintiff asks the court to "let them know what they do to me by fabricated that false document and sell to JB Hunt and his lawyer."  He further asks the court to award him $500,000 from each Defendant and to clear his name in Minnesota and Georgia federal courts.  Plaintiff has filed three previous actions in other courts arising out of these same basic facts: Amadou v. Kansas City Police Department, et al., C.A. No. 07-0378-RED (W.D.Mo.); Amadou v. JB Hunt Transport, Inc., C.A. No. 07-4076-DWF-SRN, (D.Minn.); and Amadou v. Hawkins and Parnell, LLP, C.A. No. 09-01600-WSD (N.D.Ga.).[1]

---

[1]Plaintiff has filed numerous other cases in U.S. District Courts as well, although the undersigned has not determined whether these additional cases arise out of the same basic facts as the present case.  See, e.g., Amadou v. Metropolitan Orthopedic Lab, Inc., C.A. No. 0:09-cv-00391-DWF-SRN (D.Minn.); Amadou v. Metro Transit, Michael Ryan, Joanne Sellner, Michael Sheady and Michael Johnson, C.A. No. 0:08-cv-00030-MJD-JJK (D.Minn.); Amadou v.

**III.   STANDARD OF REVIEW**

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

---

Lomen Abdo, Stephen C. Rathke, Parker Rosen, and Anthony G. Edwards, C.A. No. 0:09-cv-00727-ADM-JJK (D.Minn.); Amadou v. VA Department, C.A. No. 0:08-cv-04677-MJD-AJB (D.Minn.); Amadou v. Sub Sarah African Youth and Family, African Health Action Corporation and Mwanyagetinge, Case No. 0:08-cv-04711-PJS-SRN (D.Minn.).

## VI.   DISCUSSION

Plaintiff appears to allege that Defendants, along with J.B. Hunt, his former employer, and Hawkins & Parnell, a law firm, fabricated a document to make it appear as if Plaintiff's termination from employment with J.B. Hunt was as a result of his use of drugs. J.B. Hunt then presented the document as evidence in a separate court proceeding and the case was dismissed. Plaintiff also alleges that he is unable to get a job with any other trucking company as a result of the falsified document. He asks for $500,000 from each Defendant and that his name be cleared in Minnesota and Georgia federal courts.

This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, Id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v.. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U .S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999),

construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Leneau v. Aplin, C.A. No. 4:09-932-CMC-TER, 2009 WL 1749430, at *2 (D.S.C. Jun.22, 2009) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir.1990)).

As stated above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Even though a pro se complaint is entitled to liberal construction, "a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681-682 (D.C.Cir.2009) (quotation omitted).

Plaintiff's pleadings are insufficient to withstand the requirements of Rule 8 as set forth in

Twombly and Iqbal. Plaintiff fails to set forth the causes of action under which he brings his claims. His Complaint fails to rise to anything other than an "unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. To survive a Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. Plaintiffs have failed to "nudge" their claims "across the line from conceivable to plausible," id. at 1952 (quoting Twombly, 550 U.S. at 570), and, thus, dismissal is appropriate.

However, even if Plaintiff has stated a claim in his pleadings, summary judgment is appropriate because Defendant Circle Park has submitted evidence that neither it nor Defendant Adedokun has had any involvement with Plaintiff other than being listed as an S.A.P. (Substance Abuse Professional) on a form[2] regarding Plaintiff's termination for refusal to take a breath alcohol test. See Positive/Refusal Record (attached as Exhibit 6 to Defendant's Motion); Letter to Plaintiff (attached as Exhibit 7B to Defendant's Motion); Cole Aff. ¶ 3 (attached as Exhibit 8 to Defendant's Motion); Adedokun Aff. ¶ 4 (attached as Exhibit 9 to Defendant's Motion). Plaintiff has failed to submit sufficient evidence to create a genuine dispute of material fact as required by Rule 56, Fed.R.Civ.P.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 30) be granted pursuant to Rule 12(b)(6),

---

[2] In fact, the form includes the statement "If SAP is NOT REQUIRED click here," and the box is checked. See Positive/Refusal Record.

Fed.R.Civ.P., and this case be dismissed in its entirety.[3] If the district judge accepts this recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 13, 2011
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[3] For the reasons discussed herein, Plaintiff also fails to state a claim against or create a genuine dispute of fact as to Defendants Adedokun and Charter Behavioral Health. Thus, dismissal is appropriate as to Plaintiff's claims against them as well.